By the Court—Bosworth, Ch. J.
As we construe the policy, the plaintiffs were insured by it “ on account of outward shipments for whom it may concern.” The outward shipments insured on account of whom it may concern, were not, by force of the subsequent clause, to be shipments “for account of themselves, and to be consigned to them by invoice and bill of lading.” Such a qualification, applied to outward shipments, would be impossible and absurd. Those words must apply to, and define the class of risks on homeward shipments to which the policy, by force of its first, sentence, was to attach.
Outward shipments, while they were insured on account of whom it might concern, were not to be considered insured until approved and indorsed on the policy by the company.
All homeward shipments within the description of that class of risks contained in the policy were covered by it, *228 and the only further condition was, that they should be reported as soon as ascertained.
Whether the further provision, “ that this policy shall also cover shipments consigned to A. Rolker, Mollmann & Co., and addressed to Veuve A. Merentie & Co.,” &c., would cover shipments answering to this description, although the plaintiffs had no interest in them except as consignees, is a question that does not arise on the case as it is now presented. The shipment in question was not so addressed.
Under this construction of the policy, the case is free from doubt.
The shipment in question was not for account of the plaintiffs; it was for account of Edward Lloyd & Co., as to part, and for account of Joseph Maunder, as to tire residue, and was to be sold for the account of the said owners, by the defendants as factors. The shipment, therefore, was not covered by the policy, and the complaint was properly dismissed.
Judgment must be entered in favor of the defendant.
Ordered accordingly.